IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES TOLLIVER,
   *Plaintiff,*

v.

TANDIUM, CORP.,
   *Defendant.*

Civil Action No. ELH-21-1441

**MEMORANDUM**

Charles Tolliver, who is currently self-represented,[1] sued defendant Tandium Corporation ("Tandium") in the Circuit Court for Anne Arundel County (the "Circuit Court"), to recover allegedly unpaid wages. ECF 1-1; ECF 4 (the "Complaint"). The Complaint lodges claims for violations of the Maryland Wage Payment and Collection Law, Md. Code (2016 Repl. Vol., 2017 Supp.), §§ 3-501 *et seq.* of the Labor and Employment Article (Count I), and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* (Count II). ECF 4 at 4-10. Tandium removed the case to this Court on June 10, 2021, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. ECF 1.

Thereafter, on June 17, 2021, Tandium filed a motion to dismiss for insufficient service of process, pursuant to Fed. R. Civ. P. 12(b)(5). ECF 10. The motion is accompanied by a

---

[1] Tolliver was represented by counsel in the Maryland court. However, counsel is not a member in good standing of the bar of this Court. ECF 7. Following removal, the Clerk informed plaintiff's counsel that, within 14 days, she was required to notify the Court if she would seek admission to the bar of this Court, or if another attorney would be entering an appearance. *Id.* She has not done so. Tolliver is now self-represented. However, according to Tandium (ECF 16 at 1 n.1), Tolliver has a law degree and is admitted to practice in the District of Columbia.

memorandum of law (ECF 10-1) (collectively, the "Motion to Dismiss") and one exhibit (ECF 10-2). Tolliver has not responded to the Motion to Dismiss, and the time to do so has passed.

For his part, on July 21, 2021, Tolliver filed a motion to amend his complaint pursuant to Fed. R. Civ. P. 15(a)(2) (ECF 15), together with a redlined copy of the proposed amended complaint (ECF 15-1) (collectively, the "Motion to Amend"). As amended, plaintiff seeks to remove his federal FLSA claim. ECF 15-1 at 7-9. And, on July 19, 2021, Tolliver filed a motion to remand his case to a Maryland court, arguing that without the FLSA claim, the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367. ECF 13 (the "Motion to Remand"). Tandium has responded in opposition to the Motion to Amend (ECF 16). But, it has not responded to the Motion to Remand, and the time to do so has passed.

Under Fed. R. Civ. P. 15(a)(2), "[a] court should freely give leave to amend when justice so requires." "[L]eave should be granted absent some reason 'such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment.'" *Booth v. Maryland*, 337 F. App'x 301, 312 (4th Cir. 2009) (per curiam) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Under the liberal amendment standard, there is no basis to deny the Motion to Amend. Futility does not apply. Moreover, this is Tolliver's first attempt to amend the Complaint. He has done so early in the course of the case, before the Complaint has been answered or discovery has begun. Thus, there is no argument as to undue delay, prejudice, or bad faith.

Tandium's arguments in opposition (ECF 16 at 2) are essentially technical. First, Tandium argues that its Motion to Dismiss should instead be granted. *Id*. Second, Tandium notes Tolliver's failure to attach the six exhibits referenced in his proposed Amended Complaint. *Id*. Neither of these arguments is a persuasive reason to deny the Motion to Amend.

Therefore, I shall grant the Motion to Amend, subject to Tolliver following proper procedural requirements. In particular, Tolliver must file the six exhibits referenced in his proposed Amended Complaint, which have not been attached to any version of the Complaint or otherwise docketed. Accordingly, by November 22, 2021, Tolliver is directed to docket with the Court copies of all six exhibits referenced in the Amended Complaint.

The Amended Complaint necessarily moots Tandium's Motion to Dismiss, because the Amended Complaint replaces and supersedes the original Complaint, to which the Motion was directed. *See, e.g., Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021); *Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001). Therefore, I shall deny the Motion to Dismiss, as moot, and without prejudice.

As noted, Tandium has not responded to the Motion to Remand. Assuming Tandium desires to respond in opposition, it must do so by November 23, 2021. Tandium's opposition should address the basis on which the Court may exercise subject matter jurisdiction, given that the FLSA claim has been removed from the case.

An Order follows, consistent with this Memorandum.

Date: November 1, 2021                                        /s/
                                                              Ellen L. Hollander
                                                              United States District Judge