IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHARLES TOLLIVER,<br>   *Plaintiff,*<br><br>v.<br><br>TANDIUM CORP.,<br>   *Defendant.* | Civil Action No. ELH-21-1441 |

**MEMORANDUM**

Charles Tolliver, who is currently self-represented, sued defendant Tandium Corporation ("Tandium") in the Circuit Court for Anne Arundel County (the "Circuit Court"), to recover wages that were allegedly unpaid. ECF 1-1; ECF 4 (the "Complaint"). The suit lodged claims for violations of the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code (2016 Repl. Vol., 2017 Supp.), §§ 3-501 *et seq*. of the Labor and Employment Article (Count I), and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. (Count II). ECF 4 at 4-10. Tandium removed the case to this Court on June 10, 2021. ECF 1.[1]

Thereafter, Tolliver filed an Amended Complaint, in which he abandoned his FLSA claim. ECF 19. He also filed a Motion to Remand, which is pending. ECF 13. Before the Court may rule on the Motion to Remand, however, it must address Tolliver's motion to seal certain exhibits to his Amended Complaint. *See* ECF 22.

---

[1] Tolliver was represented by counsel in State court. However, that lawyer is not a member of the bar of this Court. ECF 7. Following removal, the Clerk informed plaintiff's counsel that, within 14 days, she was required to notify the Court if she intended to seek admission to the bar of this Court, or if another attorney would be entering an appearance. *Id*. No attorney has appeared for plaintiff. However, according to Tandium, Tolliver has a law degree and is admitted to practice in the District of Columbia. ECF 16 at 1 n.1.

The Amended Complaint made reference to six exhibits, but none of them were docketed. Therefore, in my Memorandum (ECF 17) and Order (ECF 18) of November 1, 2021, I ordered Tolliver to docket the six exhibits that he referenced in his Amended Complaint. Tolliver docketed his six exhibits on November 16, 2021, and marked them as "Confidential." ECF 20. By Order of November 18, 2021 (ECF 21), I directed the Clerk to maintain them under seal. However, I noted that, with the exception of Exhibits 2 and 4, which contain confidential business and financial information, the basis for sealing the exhibits was unclear. *Id*. at 2. Accordingly, I ordered Tolliver to submit a justification for the assertion of confidentiality for the remaining exhibits, due by December 3, 2021. *Id*.

In response, on November 22, 2021, Tolliver filed a "Motion to Seal or Otherwise Limit Inspection of Certain Exhibits." ECF 22 (the "Motion to Seal"). In particular, Tolliver seeks to seal Exhibit 2, Exhibit 4, and Exhibit 5 (ECF 20-5). Exhibit 5 is his counsel's demand letter to Tandium. Plaintiff argues that the exhibits contain his "base salary information," and that making this information publicly available "could substantially impact future salary negotiations and create less favorable employment opportunities." ECF 22. Tolliver does not discuss, or assert a need to seal, Exhibits 1, 3, or 6. These exhibits do not contain plaintiff's salary information, which is the sole basis he claims for sealing.

Tandium did not respond to the Motion to Seal. Although the Motion to Seal is unopposed, this does not relieve the Court of its obligation to conduct a review under Local Rule 105.11. *See Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 576 (D. Md. 2012).

In ruling on a motion to seal, the court must: (1) give the public notice that the sealing of documents may be ordered; (2) provide interested parties the opportunity to object to the motion; (3) state reasons on the record if the court decides to seal the case; and (4) state reasons for rejecting alternatives. *Rushford v. New Yorker Magazine, Inc*., 846 F.2d 249, 253-54 (4th Cir.

1988). When motions have been docketed and available to the public for multiple weeks, as here, the first two requirements have been met. *Padco Advisors, Inc. v. Omdahl*, 179 F. Supp. 2d 600, 614 (D. Md. 2002). Nevertheless, "the court should consider less drastic alternatives to sealing, such as filing redacted versions of the documents." *Rock v. McHugh*, 819 F. Supp. 2d 456, 475 (D. Md. 2011). Moreover, Local Rule 105.11 provides, *inter alia*, that "[i]f the motion [to seal] is denied, the party making the filing will be given an opportunity to withdraw the materials."

Confidential information may be subject to protection from public disclosure. Nevertheless, the common law presumes that the public and the press have a qualified right to inspect all judicial records and documents. *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014) (citations omitted); *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005); *see also Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n.17 (1980) ("[H]istorically both civil and criminal trials have been presumptively open."). The common law right of access can be abrogated in "unusual circumstances," where "countervailing interests heavily outweigh the public interests in access." *Rushford*, 846 F.2d at 253; *accord Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 121 (D. Md. 2009).

The common law right of access is buttressed by a "more rigorous" right of access provided by the First Amendment, which applies to a more narrow class of documents, but is more demanding of public disclosure. *Rushford*, 846 F.2d at 253. If a court record is subject to the First Amendment right of public access, the record may be sealed "only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (citing *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984)). "When presented with a sealing request, our right-of-access jurisprudence requires that a district court first 'determine the source

of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake.'" *Doe*, 749 F.3d at 266 (4th Cir. 2014) (quoting *Stone*, 855 F.2d at 181).

The Fourth Circuit recently stated that the First Amendment right of access applies to "civil complaints, even before any judicial action in the case." *Courthouse News Service v. Schaefer*, 2 F.4th 318, 327 (4th Cir. 2021). It follows that the same standard applies to exhibits attached to a complaint, which are considered "a part of the pleading for all purposes" under Fed. R. Civ. P. 10(c) and may, for example, be relied upon by a court in resolving a motion to dismiss. *See F.T.C. v. AbbVie Products LLC*, 713 F.3d 54, 63-64 (11th Cir. 2013) (discussing this issue).

As noted, Tolliver seeks to seal Exhibits 2, 4, and 5. The Court had previously suggested that the information in Exhibits 2 and 4 qualifies as confidential. *See* ECF 21 at 2. This is plainly the case for Exhibit 4, even applying the heightened First Amendment standard. Exhibit 4 consists of an earnings statement, containing substantial private financial information as to Tolliver. *See* ECF 20-4. Exhibits that consist of personal financial information are properly the subject of sealing. *See, e.g.*, *Rock*, 819 F. Supp. 2d at 475.

The question is closer as to Exhibits 2 and 5. Exhibit 2, Tandium's employment offer letter to Tolliver, contains Tolliver's base salary. ECF 20-2 at 2. It also contains information as to Tandium's commission structure, which Tolliver has already made public in his Amended Complaint (*see* ECF 19, ¶ 23), and some basic information as to Tandium's benefits package and human resources policies that do not implicate any personal information. ECF 20-2 at 2-3. Significantly, Tandium has not asserted any confidential or proprietary interest in any of the material in Exhibit 2. For its part, Exhibit 5, the demand letter to Tandium from Tolliver's counsel, contains certain dollar figures as to unpaid wages and overtime that could be used to

calculate Tolliver's base salary. ECF 20-5 at 2. But, it otherwise does not contain information for which Tolliver has asserted any basis for sealing.

Given Tolliver's articulated harm as to future salary negotiations, as well as the information's minimal relevance to his amended claims, his salary information qualifies as confidential. *See, e.g.*, *In re Petrobras Sec. Litig.*, 393 F. Supp. 3d 376, 387 (S.D.N.Y. 2019) (Rakoff, J.) (reasoning that sealing or partial sealing was justified where "snippets of information" in various exhibits "may ... contain 'business information that might harm a litigant's competitive standing'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706-07 (S.D.N.Y. 2017); *Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 631 (S.D.N.Y. 2011). But, the Court has an obligation to consider alternatives to full sealing. *See Rock*, 819 F. Supp. 2d at 475.

Tolliver's concerns may be addressed while still making public nearly all of the content of Exhibits 2 and 5. In particular, for Exhibit 2, only the base salary figure in the first paragraph of the letter is confidential, and it can be easily redacted. ECF 20-2 at 3. As for Exhibit 5, only the figures relating to accrued paid time off, unpaid wages, and overtime pay, from which Tolliver's base salary could conceivably be derived, would qualify as confidential. ECF 20-5 at 2. These figures can also be redacted.

Therefore, by December 17, 2021, Tolliver shall file redacted versions of Exhibits 2 and 5, as described. The original, unredacted versions of Exhibits 2, 4, and 5 shall remain sealed. And, I shall order the Clerk to unseal Exhibits 1, 3, and 6.

An Order follows.

Date: December 8, 2021                                  /s/
                                                        Ellen L. Hollander
                                                        United States District Judge