IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES TOLLIVER,

*Plaintiff,*

v.

TANDIUM CORP.,

*Defendant.*

Civil Action No. ELH-21-1441

## MEMORANDUM

This Memorandum resolves a motion to remand, filed by plaintiff Charles Tolliver, who is currently self-represented.  He sued defendant Tandium Corporation ("Tandium") in the Circuit Court for Anne Arundel County (the "Circuit Court"), to recover wages that were allegedly unpaid.  ECF 1-1; ECF 4 (the "Complaint").  The suit lodged claims for violations of the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code (2016 Repl. Vol., 2017 Supp.), §§ 3-501 *et seq*. of the Labor and Employment Article (Count I), and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. (Count II).  ECF 4 at 4-10.  Tandium removed the case to this Court on June 10, 2021, on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331, 1441, and 1446.  ECF 1.[1]

Tolliver subsequently filed an Amended Complaint, in which he abandoned his FLSA claim.  ECF 19.  And, he has moved to remand, arguing that without the FLSA claim, the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367.  ECF 13 (the

---

[1] Tolliver was represented by counsel in State court. However, counsel is not a member in good standing of the bar of this Court. ECF 7. Following removal, the Clerk informed plaintiff's counsel that, within 14 days, she was required to notify the Court if she would seek admission to the bar of this Court, or if another attorney would be entering an appearance. *Id*. No attorney has appeared for plaintiff. However, according to Tandium, Tolliver has a law degree and is admitted to practice in the District of Columbia. ECF 16 at 1 n.1.

"Motion to Remand").  Tandium has not responded in opposition to the Motion to Remand, and the time to do so has passed.  *See* ECF 18; Docket.

No hearing is necessary to resolve the motion. *See* Local Rule 105.6.  For the reasons that follow, I shall grant the Motion to Remand.

## I. Factual and Procedural History

According to the Amended Complaint, Tandium, a "web-based HR services company," hired Tolliver in July 2020 as a Regional Sales Manager.  ECF 19, ¶¶ 6, 8.  His "primary duty was making sales." *Id*. ¶ 11.  However, he was terminated in November 2020. *Id*. ¶ 18.  By that point, he had "successfully closed three deals" and had a "sales pipeline of roughly $250,000." *Id*. ¶ 13.

Tolliver asserts that under the terms of his employment with Tandium, defendant was to pay him "a 20% commission on administrative fees and a 50% commission on set up fees per client upon the collection of said fees from each client." *Id*. ¶ 23.  He alleges that during the time of his employment, he collected fees from three clients. *Id*. ¶¶ 14-16, 25.  Therefore, he claimed that he was "eligible for commission." *Id*. ¶ 25.  But, Tolliver was terminated by Tandium without having been paid a commission for any of the three clients. *Id*. ¶ 18.  Tandium claimed that no commissions for overtime pay were due to Tolliver. *Id*. ¶¶ 20, 26, 41.  Accordingly, plaintiff seeks unpaid wages and damages under the MWPCL. *Id*. at 10; *see id*. ¶¶ 23-41.

Tolliver's earlier FLSA claim was also related to his compensation at Tandium.  While at Tandium, Tolliver was classified as exempt from FLSA overtime requirements under the "outside sales exception."  ECF 4, ¶¶ 43-46.  However, Tolliver alleged that he was misclassified because he actually spent little time away from the Tandium office. *Id*. ¶¶ 43-64.  He claimed that, as a result, he was improperly denied overtime pay for considerable nighttime and weekend work, and sought unpaid wages and damages under the FLSA. *Id*. at 10, ¶¶ 12, 43-64.

On June 17, 2021, Tandium filed a motion to dismiss for insufficient service of process, pursuant to Fed. R. Civ. P. 12(b)(5).  ECF 10.  The motion was accompanied by a memorandum of law (ECF 10-1) (collectively, the "Motion to Dismiss") and one exhibit (ECF 10-2).  Tolliver did not respond to the Motion to Dismiss.

For his part, on July 21, 2021, Tolliver filed a motion to amend his complaint pursuant to Fed. R. Civ. P. 15(a)(2) (ECF 15), together with a redlined copy of the proposed amended complaint (ECF 15-1) (collectively, the "Motion to Amend").[2]   The proposed amended complaint abandoned the FLSA claim.  ECF 15-1 at 7-9.  And, on July 19, 2021, Tolliver filed his Motion to Remand on the ground that, without the FLSA claim, the court should decline to exercise supplemental jurisdiction.  ECF 13.  Tandium responded in opposition to the Motion to Amend (ECF 16), but did not respond to the Motion to Remand.

In my Memorandum (ECF 17) and Order (ECF 18) of November 1, 2021, I granted the Motion to Amend.  I also ordered Tolliver to docket six exhibits referenced in his Amended Complaint that had not been filed with the Court.  And, I denied the Motion to Dismiss as moot, because it was directed to the original Complaint, which was superseded by the Amended Complaint.  *See, e.g., Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021); *Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001).  Finally, I granted Tandium until November 23, 2021, to respond in opposition to the Motion to Remand.

Tolliver docketed his six exhibits on November 16, 2021, and marked them as "Confidential."  ECF 20.  By Order of November 18, 2021 (ECF 21), I directed the Clerk to maintain them under seal.  However, I noted that, with the exception of Exhibits 2 and 4, which contain confidential business and financial information, there was no apparent basis for sealing

[2] Tolliver attempted to file his Motion to Amend on July 19, 2021, but it was rejected by the Court for failure to include a redlined copy.  ECF 14.

- 3 -

the exhibits.  *Id*. at 2.  Accordingly, I ordered Tolliver to submit a justification for the assertion of confidentiality for the remaining exhibits, due by December 3, 2021.  *Id*.

In response, on November 22, 2021, Tolliver filed a "Motion to Seal or Otherwise Limit Inspection of Certain Exhibits."  ECF 22 (the "Motion to Seal").  In particular, Tolliver sought to seal Exhibit 2, Exhibit 4, and Exhibit 5 (ECF 20-5).  Exhibit 5 is a demand letter from plaintiff's lawyer to Tandium,.  Plaintiff argued that the exhibits contain his "base salary information," and that making this information publicly available "could substantially impact future salary negotiations and create less favorable employment opportunities."  ECF 22.  Tolliver did not discuss or assert a need to seal Exhibits 1, 3, or 6.  These exhibits do not contain plaintiff's salary information, which is the sole basis asserted by plaintiff for sealing.

In a Memorandum (ECF 23) and Order (ECF 24) of December 8, 2021, I ruled that Exhibit 4 should be sealed in its entirety.  But, by December 17, 2021, I directed Tolliver to docket redacted versions of Exhibits 2 and 5, omitting his salary information.  Further, I ordered the Clerk to unseal Exhibits 1, 3, and 6.  Tolliver failed to comply.  Therefore, I granted him an extension, until January 7, 2022, warning that if he did not meet the extended deadline, I would assume he no longer sought to seal Exhibits 2 and 5.  ECF 25.  Thereafter, on January 7, 2022, Tolliver submitted redacted versions of Exhibits 2 and 5.  *See* ECF 26.

## II. Discussion

Tandium has not responded to the Motion to Remand.  Therefore, I assume that Tandium does not oppose remand.

The case was removed from State court based on federal question jurisdiction, in light of Tolliver's FLSA claim.  *See* 28 U.S.C. § 1331.  And, a court may exercise supplemental jurisdiction over State law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United

States Constitution."  28 U.S.C. § 1367(a).  "[W]hether the federal-law claims and State-law claims are part of the same case is determined by whether they 'derive from a common nucleus of operative fact and are such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'"  *Hinson v. Norwest Fin. S. Carolina, Inc.*, 239 F.3d 611, 615 (4th Cir. 2001).  Tolliver's MWPCL claim satisfies this standard because, like the FLSA claim, it derives from Tolliver's allegations regarding Tandium's compensation practices and its unpaid wages.

Notably, the Court's supplemental jurisdiction does not necessarily terminate simply because the federal law claim is no longer present in the case.  *See* 28 U.S.C. § 1367; *Shanaghan v. Cahill*, 58 F.3d 106, 109 (4th Cir. 1995).  However, pursuant to § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."

The court has discretion to decide whether to exercise supplemental jurisdiction.  The Fourth Circuit has recognized that under § 1367(c)(3), "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when federal claims have been extinguished."  *Shanaghan*, 58 F.3d at 110; *see ESAB Group, Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 394 (4th Cir. 2012) ("Section 1367(c) recognizes courts' authority to decline to exercise supplemental jurisdiction in limited circumstances, including . . . where the court dismisses the claims over which it has original jurisdiction."); *Hinson*, 239 F.3d at 616 (stating that, "under the authority of 28 U.S.C. § 1367(c), authorizing a federal court to decline to exercise supplemental jurisdiction, a district court has inherent power to dismiss the case or, in cases removed from State court, to remand, provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met").

The Court may exercise this discretion by dismissing a case or by remanding the case if it is a removed action.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 353-57 (1988).  "In

*Carnegie–Mellon*, the [Supreme] Court found federal courts to have an *inherent* power to remand removed State claims when the federal claims drop out of the case." *Hinson*, 239 F.3d at 616 (emphasis in original). "Even though *Carnegie–Mellon* was decided before the doctrine of pendent jurisdiction was codified in 28 U.S.C. § 1367," the Fourth Circuit has said that it "continues to inform the proper interpretation of § 1367(c)." *Id.* And, the 30-day deadline specified in 28 U.S.C. § 1447(c) for motions to remand on the basis of defects other than subject matter jurisdiction does not apply to motions to remand arguing that the Court should decline to exercise supplemental jurisdiction. This is because such motions do not arise under § 1447(c). *See Hinson*, 239 F.3d at 616.

When exercising this discretion, the Supreme Court has instructed federal courts to "consider and weigh . . . the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over . . . pendent state-law claims." *Carnegie-Mellon*, 484 U.S. at 350. In particular, "a remand may best promote [these] values" by permitting a case to be resolved in State court without the needless expense of filing a new case. *Id.* at 353.

These factors plainly favor remand to the Circuit Court for Anne Arundel County. The sole claim in this case is one of State law, which the Maryland State courts are obviously well equipped to address. Furthermore, this case has not progressed in this Court beyond very preliminary motion practice, without any consideration on the merits. *Cf. Carnegie-Mellon*, 484 U.S. at 350 n.7 ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . .will point toward declining to exercise jurisdiction over the remaining state-law claims."). Thus, remand is appropriate. *See, e.g., Medina v. L & M Const., Inc*., RWT–14–00329, 2014 WL 1658874, at *2 (D. Md. Apr. 23, 2014) ("Finally, as a matter of comity, this Court will remand Medina's state

law claims back to state court, as '[n]eedless decisions of state law [by federal courts] should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.'") (alteration in *Medina*) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)).

The Supreme Court has cautioned that district courts should guard against "manipulative tactics." *Carnegie-Mellon*, 484 U.S. at 357.  But, "it is not bad faith for a plaintiff to bring both State and federal claims in State court and then, upon removal, seek dismissal of the federal claims and remand to State court. Such a remand is the risk that a removing defendant takes." *Ramotnik v. Fisher*, 568 F. Supp. 2d 598, 603 (D. Md. 2008); *see also Shilling v. Northwestern Mut. Life Ins. Co.*, 423 F. Supp. 2d 513, 518-21 (D. Md. 2006).

Accordingly, I shall grant Tolliver's Motion to Remand.

### III. Conclusion

For the aforementioned reasons, I shall grant the Motion to Remand (ECF 13).

An Order follows.


Date: January 7, 2022                                              _____/s/_____

Ellen L. Hollander
United States District Judge

- 7 -